**Redwan EL HADY, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 03–3007.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Robert M. Birach, Detroit, MI, for Petitioner.

Mark C. Walters, Leslie Cayer Ohta, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

### ORDER

Redwan El Hady, a native and citizen of Yemen, petitions for review of the decision of the Board of Immigration Appeals (BIA) that affirmed the decision of the immigration judge (IJ) that denied El Hady's request for withholding of removal and relief under the Convention Against Torture. The parties are represented by counsel and have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

El Hady entered the United States in June 1995. The Immigration and Naturalization Service began deportation proceedings against him in April 1998 because El Hady overstayed his visa. El Hady conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. An IJ held a hearing in December 1998. El Hady dropped his request for asylum, and testified that he and his family had been persecuted because of their political views. The IJ found that El Hady had not shown that he was entitled to withholding of re-

moval and granted him voluntary departure. The BIA affirmed the IJ's decision without opinion.

In his petition for review, El Hady argues that: (1) the IJ and the BIA improperly determined that he failed to establish eligibility for withholding of removal; and (2) the BIA violated his due process rights by affirming the IJ's decision without opinion.

Upon review, we conclude that the petition must be denied. Under the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We will uphold a BIA's decision concerning withholding of removal unless it is manifestly contrary to law. *Castellano–Chacon v. INS*, 341 F.3d 533, 545 (6th Cir.2003). To establish a claim of withholding of removal under 8 U.S.C. § 1231(b)(3), the alien must show that there is a clear probability that he would be subject to persecution if he returned to the country in question. *Id.* Similarly, to be entitled to relief under the Convention Against Torture, the applicant must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). We apply the same standard of judicial review to claims under the Convention Against Torture as we do to claims under 8 U.S.C. § 1231(b)(3). *Castellano–Chacon,* 341 F.3d at 552.

A review of the record reveals no reason to disturb the administrative findings of fact, and the IJ's decision was not contrary to law. The IJ found that El Hady did not show that he was persecuted on account of his political opinion. The IJ noted that some of the incidents involving El Hady's

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

624

family took place as long as thirty years before he left Yemen, and El Hady did not connect the government from that time period with the later government. Moreover, El Hady provided no details about his arrest and incarceration, such as the date, the cause, the duration, the location, and who and how much he paid to be released. Persecution requires more than harassment or intimidation unaccompanied by any physical punishment or significant deprivation of liberty. *Mikhailevitch v. INS,* 146 F.3d 384, 390 (6th Cir.1998). El Hady did not demonstrate that he would be persecuted if he returned to Yemen.

Finally, this court recently rejected El Hady's argument that the BIA's practice of affirming IJ decisions without opinion violates applicants' due process rights. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003). For the foregoing reasons, we deny the petition for review.